## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

BILLY GENE NORRIS,

     *Plaintiff,*

v.

CHIEF JADIE R. SETTLES;
OFFICER A. HATHORN; OFFICER
CHRISTOPHER REYNA; OFFICER
JASON ORME; DETECTIVE C.
HARKINS; CITY OF ROMULUS, a
political subdivision of the State of
Michigan,

     *Defendants.*

Case No. 19-cv-10782

Hon. Terrence G. Berg

---

## PLAINTIFF'S MOTION IN *LIMINE*

NOW COMES Plaintiff, BILLY GENE NORRIS, by and through counsel, and pursuant to Fed. R. Civ. P. 37(d), brings this motion in limine to limit the testimony of Defendant Settles for his willful and knowing failure to sit for his deposition and states as follows:

1. On March 15, 2019, Plaintiff brought this lawsuit against Defendants for violations of his constitutionally protected rights. (ECF # 1). Defendants filed their answers (ECF # 7), and this Court issued a scheduling order with a discovery cut-off of December 31, 2019. (ECF # 11).

2. Plaintiff scheduled depositions of Defendants and successfully deposed each Defendant, except Defendant Settles, on September 26, 2019. Defendants took the deposition of Plaintiff.

3. Plaintiff noticed the deposition of Defendant Settles on three separate occasions. (See Exhibit 1, Notices of Deposition to Chief Settles).

4. Defendant Settles canceled his first deposition, claiming that he was too sick. However, the attached picture was taken of him on this same day, at or near the police department. (See Exhibit 2, Photo of Chief Settles at Work on Day of Cancelled Deposition, September 26, 2019).

5. While the deposition was rescheduled and re-noticed on two more occasions, these were also cancelled by Defendant Settles. After several requests for dates to reschedule this deposition, no date was ever provided to Plaintiff's counsel. (See Exhibit 3, Counsel Email Chain to Reschedule Deposition).

6. Defendant Settles' refusal to sit for any of his scheduled and noticed depositions was willful and the failure to provide Plaintiff with an opportunity to depose a key Defendant, the former chief of police and director of public safety for Defendant City of Romulus who directly participated in the alleged constitutional violation, is prejudicial and sanctionable pursuant to Fed. R. Civ. P. 37(d).

2

7. Rule 37(d)(1)(A)(i) provides for sanctions for a party's failure to attend its own deposition "after being served with proper notice, to appear for that deposition."

8. Rule 37(d)(3) permits monetary sanctions as well as those enumerated in Rule 37(b)(2)(A)(i-vi), including but not limited to: "(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence"; and "(vi) rendering a default judgment against the disobedient party."

9. "It is the potentially sanctioned party … who has the burden of proving that the failure to attend … [was] substantially justified or harmless." *Bell-Coker v. City of Lansing*, 2009 U.S. Dist. LEXIS 4022, at *19-20 (W.D. Mich. Jan. 21, 2009) (excluding affidavit of party who failed to attend its noticed deposition).

10. Because of Defendant Settles willful failure to sit for his deposition despite three separate notices of scheduled depositions, Plaintiff is prejudiced and respectfully request this Court exercise its discretion pursuant to Fed. R. Civ. P. 37 and sanction Defendants as follows:

   a. Preclude Defendant Settles from testifying on any matter at trial;

   b. Preclude Defendants from relying on any statements made by Defendant Settles;

3

    c. Only permit Defendant Settles' statements into evidence at Plaintiff's request.

WHEREFORE, for these reasons and those stated in the attached brief in support, Plaintiff respectfully requests this Court grant his motion in limine and the relief requested herein.

Respectfully Submitted,

EXCOLO LAW, PLLC

*/s/ Solomon M. Radner*

Solomon M. Radner
Attorney for Plaintiff
26700 Lahser Rd., Suite 401
Southfield, MI 48033
Dated: May 7, 2020         (866) 939-2656
sradner@excololaw.com

4

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN

BILLY GENE NORRIS,

        *Plaintiff,*

v.

CHIEF JADIE R. SETTLES;
OFFICER A. HATHORN; OFFICER
CHRISTOPHER REYNA; OFFICER
JASON ORME; DETECTIVE C.
HARKINS; CITY OF ROMULUS, a
political subdivision of the State of
Michigan,

        *Defendants.*

Case No. 19-cv-10782

Hon. Terrence G. Berg

## **BRIEF IN SUPPORT OF PLAINTIFF'S MOTION IN *LIMINE***

## STANDARD OF REVIEW

Fed. R. Civ. P. 37(d) provides for sanctions when a party fails to attend his or her deposition. The rule reads:

(1) *In General.*

(A) The court where the action is pending may, on motion, order sanctions if:

(i) a party or a party's officer, director, or managing agent --or person designated under Rule 30(b)(b)(6) or 31(a)(4) --fails, after being served with proper notice, to appear for that person's deposition;

…

(3) *Types of Sanctions.* Sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i)–(vi). Instead of or in addition to these sanctions, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

The relevant sanctions provided for in section (b)(2)(A) include: "(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims; (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (iii) striking pleadings in whole or in part; (iv) staying further proceedings until the order is obeyed; (v) dismissing the action or proceeding in whole or in part; (vi) rendering a default judgment against the disobedient party; or (vii) treating as contempt of court the failure to obey any

6

order except an order to submit to a physical or mental examination." *See also*., *United States v. Reyes*, 307 F.3d 451, 457 (6th Cir. 2002) (Rule 37(d) "incorporates sanctions allowed under Rule 37(b).").

"Rule 37(d) authorizes a district court to impose discovery sanctions notwithstanding the absence of an order compelling discovery." *Jackson v. Nissan Motor Corp.,* 888 F.2d 1391; 1989 U.S. App. LEXIS 16348, at *13 (6th Cir. 1989); *see also*., *Coon v. Froehlich*, 573 F. Supp. 918, 923 (S.D. Ohio 1983). The offending party "has the burden of proving the failure to attend" its own deposition was "substantially justified or harmless." *Bell-Coker v. City of Lansing*, 2009 U.S. Dist. LEXIS 4022, at *19-20 (W.D. Mich. Jan. 21, 2009).

## LAW AND ARGUMENT

"Rule 37, its interpretive case law, and principles of fairness establish that any sanction imposed must be proportional to the violative conduct and its impact*." New London Tobacco Mkt., Inc. v. Ky. Fuel Corp.*, 2014 U.S. Dist. LEXIS 147801, at * 41 (E. D. Ky. Bankr. Mar. 25, 2014) *report and recommendation adopted* 2014 U.S. Dist. LEXIS 141262 (E.D. Ky. Sep. 30, 2014). Indeed, "any request for sanctions should be met by the Court with a 'measured' response." *Id*. (citing *Universal Health Grp., v. Allstate Ins. Co*., 703 F.3f 953, 956 (6th Cir. 2013)).

In *New London*, as a result of the failure of a party's officer, the corporate director, to appear at both his scheduled and rescheduled depositions, the court

granted partial judgment to plaintiffs on their claims against the defendants. *Id*. at *36-41. While the court was "mindful that the entry of a default judgment would deprive Defendants of their day in court, and t[ook] that consequence very seriously," the imposition of such a sanction was fair and the appropriate sanction under the circumstances. The court noted: "Too often the consequences [of violations of the Rules] are borne only by the innocent party, who must live with the violation . . . or else pay to brief and argue a motion to compel the offending party to do what the Rules required it to do all along." *Id*.at *42.

A party's "unexcused failure to appear for multiple scheduled depositions demonstrates a 'troubling lack of respect for the judicial process.'" *Michael v. Liberty*, 547 F. Supp. 2d 43, 46 (D. Me. 2008) (quoting *Geux v. Allmerica Fin. Life Ins. & Annuity*, 146 F.3d 40, 42 (1st Cir. 1998)). In *Michael*, as a result of the party's inability to take depositions of the defendants, the district court limited the evidence the offending party was permitted to present "regarding any claims or defenses that existed before" the date of the scheduled depositions. *Id*. *See also*., *Bell-Coker v. City of Lansing*, 2009 U.S. Dist. LEXIS 4022, at *19-20 (W.D. Mich. Jan. 21, 2009) (excluding affidavit of party who failed to attend its noticed deposition). A similar outcome is warranted here.

Defendant Settles failure to attend his noticed depositions and subsequent failure produce a single workable date and time for his deposition was willful and

prejudicial to Plaintiff. While Plaintiff is mindful of the current circumstances brought on by the Corona pandemic and other illnesses, Defendant Settles failed to appear for his noticed deposition beginning September 26, 2019 and continued to cancel Plaintiff's noticed depositions. (Ex. 1). When he canceled his first deposition under the guise that he was sick, he was still photographed near the police department on this day. (Ex. 2). Further, Defendant and his counsel has been unwilling to provide a date and time that works for Defendant's deposition. (Ex. 3).

As a result of Defendant's conduct, Plaintiff was unable to take the deposition of Defendant Settles. Defendant Settles is a key Defendant and refused to properly participate in the lawsuit by not sitting for a deposition. Failure to attend a scheduled deposition is sanctionable by a grant of judgment as well as limitations on a party's ability to evidence by an offending party. See *New London*, at *36-41; *Michael*, at 46; *Bell-Coker*, at *19-20.

Accordingly, Plaintiff respectfully requests this Court grant his motion and sanction Defendant Settles by preventing him from testifying on any matter at trial, prevent Defendants from relying on any statements made by Defendant Settles, and only permit statements by Defendant to be entered into evidence if requested by Plaintiff.

## CONCLUSION

For the reasons stated herein, Plaintiff Norris respectfully request this Court Grant his Motion in *Limine*.

Respectfully Submitted,

EXCOLO LAW, PLLC

*/s/ Solomon M. Radner*

Solomon M. Radner (P73653)
Attorney for Plaintiff
26700 Lahser Rd., Suite 401
Southfield, MI 48033
Dated: May 7, 2020                         (866) 939-2656
sradner@excololaw.com

## CERTIFICATE OF SERVICE

Undersigned hereby states that on May 7, 2020, he caused the foregoing document to be filed electronically with the United States District Court and that a copy of said document was sent to all counsel of record through the Court's CM/ECF electronic filing system.

*/s/ Solomon M. Radner*

10