UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BILLY GENE NORRIS,

        Plaintiff,              CASE NO.:  19-cv-10782
                                           HON. TERRENCE G. BERG
v.                                         MAG. JUDGE R. STEVEN WHALEN

CHIEF JADIE R. SETTLES;
OFFICER A. HATHORN;
OFFICER CHRISTOPHER REYNA;
DETECTIVE C. HARKINS;
CITY OF ROMULUS, a political
subdivision of the State of Michigan,

        Defendants.
_____

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION IN LIMINE
(TO LIMIT THE TESTIMONY OF DEFENDANT SETTLES)**

    **NOW COME** the above-named Defendants, by and through their attorneys, **PLUNKETT COONEY**, and for their Response to Plaintiff's Motion in Limine (to limit the testimony of Defendant Settles), state as follows:

    1.    Defendants admit that Plaintiff initiated this action in March of 2019, that Defendants timely responded and that this Court issued a Scheduling Order with a discovery cut-off date of December 31, 2019.

    2.    Defendants admit that Plaintiff scheduled the depositions of the individual Defendants and deposed each Defendant, except for Defendant

Settles, on September 26, 2019.  Defendants also accomplished the deposition of Plaintiff.  However, Director Settles was on sick leave at the time of the scheduled deposition and was unable to proceed with his deposition as scheduled.

In fact, at a status conference with this Court on January 13, 2020, defense counsel represented to the Court that Director Settles was currently on sick leave and was not available for a deposition and that the parties were making good faith efforts to attempt to resolve this matter.  As a result, the Honorable Terrence G. Berg issued a text only order mandating that the dispositive motion cut-off be reset to thirty (30) days after completion of a settlement conference, if necessary.  (**See Exhibit A**).  The parties then engaged in active settlement negotiations and Judge Berg issued an Order of Reference to U.S. Magistrate Judge Whalen for the purposes of conducting a settlement conference.  (**ECF No. 14**).  Magistrate Judge Whalen issued a Notice of Settlement Conference for April 7, 2020.  (**ECF No. 15**).  However, on March 20, 2020, a text-only notice that the settlement conference was cancelled was issued indicating that it would be reset for a later date.  (**See Exhibit B**).  Obviously, this was a result of the current pandemic.

3.   Defendants do not dispute that Plaintiff noticed the deposition of Defendant Settles.

4.      In response to the allegations contained in paragraph 4, Defendants submit that Chief Settles was not "at work" on the date of the cancelled deposition.  He was not physically working on that date, but did appear at City Hall for a short period of time.  He was medically and physically unable to proceed with a deposition.  In fact, ultimately, Director Settles was hospitalized for an extensive period of time and ultimately underwent a heart transplant.  (**See Exhibit C, note from doctor**).

5.      In response to paragraph 5, defense counsel was very candid with Plaintiff's counsel in several telephone conversations and advised that Director Settles was on sick leave and had serious medical conditions which precluded him from testifying in a deposition.  Moreover, defense counsel encouraged Plaintiff's counsel to actively engage in settlement negotiations per this Court's directive to avoid incurring unnecessary costs and fees in the taking of further depositions and/or filing dispositive motions.

5.      In response to the statements contained in paragraph 5, Defendants affirmatively state that Director Settles was hospitalized in October of 2019 and was in and out of the hospital for the next several months leading up to his heart transplant. Currently, because of his immunosuppressant treatment, he is unable to leave his home and/or be exposed to other individuals during this unprecedented time.

6. The statements contained in paragraph 6 are denied as untrue in the form and manner alleged and in fact. As evidenced by the attached note from Director Settle's physician, he has undergone a major medical procedure and has been ill for several months. He is unable, currently, to sit for any scheduled deposition. Attached are additional emails exchanged between counsel advising of his willingness to sit for a deposition once he is cleared by medical personnel. (**Exhibit D**). However, Plaintiff's counsel refused to wait despite the fact that the dispositive motion cut-off has been extended indefinitely until the settlement conference is completed. This is a case that could be and should be resolved if reasonable minds come to the table. At this juncture, an Interim Director of Public Safety has been hired by the City of Romulus to take over Director Settles' job duties as he is physically and medically unable to perform them. There is nothing willful, prejudicial or sanctionable in this delay.

7. No contest.

8. Defendants do not dispute Rule 37 in its entirety. However, in this particular instance, Director Settles suffered from a serious medical condition which ultimately led to a heart transplant. Offers have been made to present him once he receives medical clearance at some point in the future. All dates

have been adjourned and held in abeyance at this time. There is no prejudice to the Plaintiff.

9. In response to the allegations contained in paragraph 9, Defendants incorporate the foregoing responses to paragraphs 2-8.

10. In response to the allegations contained in paragraph 10, Defendants respectfully submit that this is not a "willful failure" by Defendant Settles to sit for his deposition. Rather, he underwent a heart transplant and is currently unable to be exposed to other individuals and/or to participate in a deposition due to his medical limitations and condition. The request made by Plaintiff in this instance is improper and without merit.

**WHEREFORE**, Defendants respectfully request that this Honorable Court deny Plaintiff's Motion in Limine for the reasons set forth above as well as in the Brief in Support.

Respectfully submitted,

**PLUNKETT COONEY**

By ***/s/Audrey J. Forbush***
AUDREY J. FORBUSH  (P41744)
Attorney for Defendants
Plaza One Financial Center
111 E. Court Street – Suite 1B
Flint, MI  48502
(810) 342-7014
aforbush@plunkettcooney.com

Dated:  May 19, 2020

## BRIEF IN SUPPORT OF DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION IN LIMINE (TO LIMIT THE TESTIMONY OF DEFENDANT SETTLES)

Plaintiff's reliance upon *New London Tobacco Mkt., Inc. v. Ky. Fuel Corp.,* 2014 U.S. Dist. Lexis 147801 (E.D. Ky. Bankr. March 25, 2014) *report and recommendation adopted* 2014 U.S. Dist. 141262 (E.D. Ky. September 30, 2014), is correct in that any request for sanctions should be met by the court with a "measured" response.  However, Plaintiff's rely on *New London* in support of their contention that the sanction to be imposed in this instance is to preclude Settles from testifying on any matter at trial and to preclude Defendants from relying on any statements made by Defendant Settles.  This is not a measured response and is not in accordance with the holding in *New London*.  In fact, in *New London,* the court specifically noted that the record "amply supports a finding of bad faith and contumacious conduct for many reasons.  Defendants have violated numerous court orders specifically requiring the disclosure of certain information despite having the ability to comply." *New London* at p. 9.

In this instance, as set forth previously, this Honorable Court extended the Scheduling Order, adjourned the dispositive motion cut-off date and ordered that this matter be assigned to Magistrate Judge Whalen for a settlement conference in order to avoid the expense, costs and fees of

additional discovery and dispositive motions in an effort to allow the parties to resolve this matter in good faith. Defendants have engaged in good faith settlement negotiations despite the fact that the settlement conference has been adjourned indefinitely due to the pandemic and its impact upon the court system. During the pendency of that time, Director Settles underwent a heart transplant and his physicians will not allow him to be deposed at this time. Defense counsel has assured Plaintiff's counsel that Director Settles will be presented for a deposition as soon as he is medically cleared by his physician.

As indicated in *Peltz v. Moretti,* 292 Fed. Appx. 475 (2008), the Federal Rule of Civil Procedure 37 governs when a party may move for an order compelling discovery and the sanctions available to a court if a party defies such an order. In this instance, Plaintiff seeks to preclude the testimony from Director Settles, a key witness in this litigation. To preclude his testimony is tantamount to a default judgment. See *Chilcutt v. United States,* 4 F.3d 1313, 1329 (5th Cir. 1993) finding that courts have recognized that a court's decision to deem certain facts established may equate to a default judgment in some circumstances, and *Freeland v. Amigo,* 103 F.3d 1271, 1276 (6th Cir. 1997) stating that a sanction precluding certain expert testimony was tantamount to

7

dismissal of the case, thus reviewing the sanction as one resulting in dismissal. *Peltz, supra* at 478.

There is a four factor test imposed by the court when reviewing a decision by a district court to impose sanctions under Rule 37 and the first factor is whether the party's failure to cooperate in discovery is due to willfulness, bad faith, or fault. The second factor is whether the opposing party was prejudiced by the party's failure to cooperate in discovery. In this instance, Plaintiff cannot establish either of these two factors as defense counsel has acted in good faith related to Director Settles' illness and there has been no prejudice to the Plaintiff given the extension of dates by the court and defense counsel's assurance to produce Director Settles for a deposition upon clearance by his physician. The third factor considered by the court is whether the party was on notice that failure to cooperate would lead to the sanction. In this instance, there has been no motion to compel filed other than this premature motion in limine. *Id.*

Based upon the totality of the circumstances, the actions of the defense are reasonable and were not prejudicial to the Plaintiff. The sanctions sought by Plaintiff are not merited and are unreasonably harsh. See *Little Hocking Water Ass'n., Inc. v. E.I. Du Pont De Nemours & Co.,* 94 F. Supp.3d 893 (2015).

**WHEREFORE**, Defendants respectfully request that this Honorable Court deny Plaintiff's Motion in Limine.

> Respectfully submitted,
>
> **PLUNKETT COONEY**
>
> By **/s/Audrey J. Forbush**
> AUDREY J. FORBUSH  (P41744)
> Attorney for Defendants
> Plaza One Financial Center
> 111 E. Court Street – Suite 1B
> Flint, MI  48502
> (810) 342-7014
> aforbush@plunkettcooney.com

Dated:  May 19, 2020

## PROOF OF SERVICE

KATHALEEN M. FORDE hereby certifies that on the 19th day of May, 2020, she caused to be served a copy of DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION IN LIMINE and PROOF OF SERVICE via CM/ECF electronic filing with the United States District Court for the Eastern District of Michigan, Southern Division, which will provide electronic notice of this filing to counsel of record.

> **/s/Kathaleen M. Forde**
> KATHALEEN M. FORDE

Open.00560.91387.24186238-1