UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

BILLY GENE NORRIS,

    *Plaintiff,*

v.

CHIEF JADIE R. SETTLES; OFFICER A. HATHORN; OFFICER CHRISTOPHER REYNA; OFFICER JASON ORME; DETECTIVE C. HARKINS; CITY OF ROMULUS, a political subdivision of the State of Michigan,

    *Defendants.*

Case No. 19-cv-10782

Hon. Terrence G. Berg

## PLAINTIFF'S REPLY IN SUPPORT OF MOTION IN *LIMINE* [ECF #17]

NOW COMES Plaintiff, BILLY GENE NORRIS, by and through counsel, for his Reply to Defendants' Response (ECF # 21) to Plaintiff's Motion in *Limine* (ECF #17), states as follows:

Defendant Settles contends that preventing him from testifying where he refused to sit for his deposition is akin to a default judgment. (ECF # 21, Page ID # 497). Defendant Settles, like the government in *Chilcutt v. United States*, 4 F.3d 1313, 1320 (5th Cir. 1993) (sanction of preventing admission of certain evidence not akin to default judgment), is not prevented from presenting his case in chief, indeed

1

almost all of Defendant Settles actions are captured on video. Accordingly, like in *Chilcutt*, where the sanction of preventing admission of certain evidence was not akin to default the judgment, the sanction by Plaintiff in the instant case "is a far cry from a default judgment." *Id*.

"Rule 37(b)(2) provides that a district court may make any such order regarding the violation of a discovery order as is just." *Phillips v. Cohen*, 400 F.3d 388, 402 (6th Cir. 2005) "To justify dismissal as a discovery sanction under Rule 37(b), courts should consider '(1) evidence of willfulness or bad faith; (2) prejudice to the adversary; (3) whether the violating party had notice of the potential sanction; [and] (4) whether less drastic sanctions have been imposed or ordered.'" *Bessemer & Lake Erie R.R. Co. v. Seaway Marine Transport*, 596 F.3d 357, 370 (6th Cir. 2010). "[T]he district court's consideration or imposition of lesser sanctions is a *factor* in [appellate] review, not a *sine qua non* for affirmance." *Harmon v. CSX Transp.*, 110 F.3d 364, 368 (6th Cir. 1997) (affirming dismissal as first and only sanction). The Sixth Circuit does "not assume that lesser sanctions were not considered simply because their consideration is not articulated." *Id*.

In the present case, it is apparent that Defendant Settles' unwillingness to sit for a deposition was willful. Specifically, Defendant fails to explain why he was medically able to "be at work." Defendant walked around and visited City Hall for some length of time but refused to sit for a deposition. Certainly, the physical

exertion of walking around work and City Hall is much more vigorous than that which would be required of him to sit for his deposition. Notably, Defendant relies on COVID-19 pandemic to assert that Defendant's refusal to sit for his deposition was made in good faith. Nevertheless, Plaintiff attempted to schedule Defendant's deposition twice prior to the COVID-19 pandemic. (ECF # 17-1).

Finally, Defendant makes a naked assertion that he was unable to sit for the first two scheduled depositions for medical reasons. Yet, he fails to proffer any explanation or medical documentation that would enlighten Plaintiff as to why Defendant could spend time at his place of work but could not sit for a deposition. Although there may be a legitimate medical reason distinguishing these behaviors, no such reason has been offered to Plaintiff. As such, Defendant's conduct was willful. See *Bass v. Jostens*, Inc., 71 F.3d 237, 242 (6th Cir. 1995) (upholding discovery sanctions, noting that "Defendant also presented evidence to the district court that plaintiff's alleged medical condition was a subterfuge and would not have interfered with her ability to be deposed on that day."). Defendant's proffered medical note does not establish in any way why he was unable to sit for his deposition at any time prior to April 1, 2020 when the letter was drafted. (ECF # 21-4, Page ID # 507). Defendant Settles has not provided an affidavit on his behalf regarding his failure to sit for his deposition during the discovery period for medical

3

reasons or regarding his ability to be at work but inability to sit for a scheduled deposition while present.

Further, the inability to take Defendant's deposition prior to trial, and the admission of or reference to Defendant's statements at trial would certainly be prejudicial to Plaintiff. Although Defendant contends that dispositive motions and discovery have been indefinitely delayed, this delay does in fact have an end in sight. Further, the text-orders cited by Defendant do not appear to state that discovery is ongoing or reopen, instead they only show that the dispositive motion cut off and settlement conference dates were reset. (ECF # 21-2; ECF # 21-3). Only now after the close of discovery in the midst of a pandemic is Defendant Settles now apparently willing to sit for a deposition at a future unknown time. This evidences willful opportunistic behavior where Defendant could have participated in the litigation during discovery but did not despite several requests to provide a date for the deposition.

Defendant contends that suppressing his testimony or affidavits would be "unreasonably harsh." However, Plaintiff contends that this merely levels the playing field where Defendant refused to be deposed throughout discovery. Unlike *Little Hocking Water Ass'n v. E.I. du Pont de Demours & Co.*, 94 F. Supp. 3d 893, 906-907 (S.D. Oh. 2015), where the party was substantially justified in not producing 60 years' worth of well data on the basis of relevance and burden, Chief

Settles testimony is clearly relevant and there is was no basis for Settles for refuse to sit for a deposition for an extended amount of time.

Moreover, although Plaintiff is cautiously optimistic that settlement talks will ultimately end with a settlement having been reached, allowing Defendant to enter into settlement talks knowing that Plaintiff may never have the opportunity to test the veracity of Defendant's story prior to trial gives Defendant an advantage. That is, Defendant will be equipped with discoverable knowledge that Plaintiff cannot access until the close of discovery and the commencement of trial. Such an advantage essentially forces Plaintiff to conduct discovery at trial and deprives Plaintiff of the opportunity to engage in meaningful litigation with respect to his claims against Defendant.

Thus, because Plaintiff was denied the opportunity to conduct Defendant's deposition, this Honorable Court should grant Plaintiff's motion so as to ensure Plaintiff is not severely prejudiced at trial and in presenting his dispositive motion.

          Respectfully Submitted,

          EXCOLO LAW, PLLC

Dated: May 26, 2020          By: */s/ Solomon M. Radner*
          Solomon M. Radner (P73653)
          Attorney for Plaintiff
          26700 Lahser Rd., Suite 401
          Southfield, MI 48033
          (866) 939-2656
          sradner@excololaw.com

## CERTIFICATE OF SERVICE

  I hereby affirm that on May 26, 2020, I caused the foregoing document to be filed electronically with the United States District Court and that a copy of said document was served on all counsel of record through the Court's CM/ECF electronic filing system.

     */s/ Solomon M. Radner*