## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

BILLY GENE NORRIS,

     *Plaintiff,*

v.

CHIEF JADIE R. SETTLES; OFFICER A. HATHORN; OFFICER CHRISTOPHER REYNA; OFFICER JASON ORME; DETECTIVE C. HARKINS; CITY OF ROMULUS, a political subdivision of the State of Michigan,

     *Defendants.*

Case No. 19-cv-10782

Hon. Terrence G. Berg

---

## PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

NOW COMES Plaintiff, Billy Gene Norris, by and through his attorneys, Excolo Law, PLLC, and files this Reply in support of his Motion for Summary Judgment against Defendants. For the reasons stated in the attached brief, Plaintiff respectfully requests this Court Grant his Motion for Summary Judgment and set a trial for damages.

Respectfully Submitted,

EXCOLO LAW, PLLC

*/s/ Solomon M. Radner*
Solomon M. Radner (P73653)
Attorney for Plaintiff

Dated: June 17, 2020

**ARGUMENT**

Defendants' introduction and statement of facts contains several materially false statements. First, Plaintiff did not initiate contact with the Defendants or anyone with Romulus Police Department. Defendants initiated contact with Plaintiff as a result of his protected conduct as demonstrated in the video of the incident. (ECF # 16-2). The video also clearly demonstrates that Plaintiff at no point "entered upon police department property." (*Id.*). Contrary to Defendants' claim, the video does not show, by any means, Plaintiff "blocking ingress to Defendant City of Romulus' back parking lot" or blocking access to the key pad. These statements are not supported by the record.

Second, Defendant Reyna had no reasonable belief that the illegally parked car belonged to Plaintiff. When specifically asked if he had any "reason to believe that car was" Plaintiffs, Defendant Reyna admitted "not at the time." (ECF # 16-6, Page ID # 294, L. 21-23). While Reyna can be heard in the video stating that the car belongs to Plaintiff, he admitted that at the time he had no reason to believe it was Plaintiff's car. Further Defendant's own paragraph 15 confirms that Reyna made a false statement when he stated it was Plaintiff's car despite Defendants' admission that Defendants didn't learn this until after obtaining Plaintiff's ID and running the plate. (ECF # 25, Page ID # 535).

Defendants ignore materially relevant facts. For example, in Paragraph 5 on Page ID # 534, Defendants assert that Plaintiff admits an officer had to honk to get out of the way. Defendants ignore the fact that their own conduct, initiating conversation and confronting Plaintiff while he was recording, necessarily drew his attention away and is the reason he could not see the car. Had the Defendants not stopped Plaintiff to talk to him, no honk would have been necessary. Nevertheless, this is also not a crime. Either way once Defendant Harkin honked, Plaintiff was left with the unenviable choice of backing away from officers who had stopped him or continuing to block Defendant Harkins from entering the parking lot. (ECF # 16-2).

Paragraph 13 cites generally to Plaintiff's deposition claiming Defendant Reyna stated he was concerned for "officer safety due to Plaintiff's actions." (ECF # 25, Page ID # 535). Reyna claimed his concern was for safety because Plaintiff was engaged in constitutionally protected conduct of recording him. (ECF # 16-6, Page ID # 320-321). Reyna also admitted the inconsistencies in his responses to interrogatories and his deposition testimony. (ECF # 25, Page ID # 525, ¶ 14).

### A. Unlawful Search, Seizure, and Arrest

Defendants make much of Plaintiff's refusal to identify himself and their belief "his demeanor became questionable." This, according to Defendants, is sufficient to establish reasonable suspicion. However, a lawful *Terry* stop requires, "reasonable, articulable suspicion that criminal activity is afoot." *Illinois v.*

*Wardlow,* 528 U.S. 119, 123 (2000); *see also Terry v. Ohio,* 392 U.S. 1, 27 (1968). A lawful *Terry* stop cannot be based on an officer's "inchoate and unparticularized suspicion or 'hunch.'" *Id*. To evaluate the constitutionality of a *Terry* stop, courts determine, "whether there was a proper basis for the stop, which is judged by examining whether the law enforcement officials were aware of specific and articulable facts which gave rise to reasonable suspicion." *United States v. Garza,* 10 F.3d 1241, 1245 (6th Cir. 1993). If the basis for the *Terry* stop is proper, then a court determines, "whether the degree of intrusion… was reasonably related in scope to the situation at hand, which is judged by examining the reasonableness of the officials' conduct given their suspicions and the surrounding circumstances." *Id.*

Claims that Plaintiff was "evasive," and "refusing to give his name," without more is not indicative of criminal behavior required for a *Terry* stop. Although Defendants make no mention, Defendant Settles did not notice the vehicle until after he had stopped Plaintiff, therefore, the stop was based solely on Mr. Norris' refusal to answer questions, not on the possibility of an illegally parked vehicle. (ECF 16-1). Additionally, the illegally parked vehicle was in a residential area, near an ongoing construction site. There are no specific, articulable facts tying the illegally parked car to Mr. Norris. While Defendant Reyna is heard on camera, stating that the vehicle belonged to Mr. Norris, he admitted he had no reason to believe the car was his. This evinces a willingness to find pretextual reasons to stop someone for

3

recording police and the police department. Defendants did not have a "proper basis for the stop," and their conduct was not "reasonably related in scope to the situation at hand." *See United States v. Bradshaw,* No. 19-5643, 2020 U.S. App. LEXIS 13443, at *5 (6th Cir. Apr. 24, 2020).

Defendants further admit that their interrogatories are inconsistent with their deposition testimony, calling into question the veracity of their statements. Moreover, Defendants make no mention of the ability to simply ticket the illegally parked vehicle, instead of using it for pretextual purposes to claim a lawful basis to detain Plaintiff for recording a police station.

Defendants other "facts" supporting reasonable suspicion are similarly unavailing. Defendants aver that Plaintiff initiated contact, which is false, in fact, later in their brief, Defendants admit that Defendant Reyna initiated contact with Mr. Norris. (Def. Br. Pg. 18). Mr. Norris was outside the police department, where he had a legal right to be, and engaged in protected First Amendment conduct of recording a police station. Defendants Reyna and Settles initiated contact between Plaintiff and the police. Defendants also now claim Plaintiff was on police property. At all times, Plaintiff was on the sidewalk outside of the police department and was briefly on the road entering the gated area of the police department, none of which is police property. (ECF # 16-2). Defendants claim that Plaintiff blocked the parking lot and the keypad to enter, which is also false. Defendants mention Plaintiff

4

blocking Defendant Harkins' vehicle; however, he was only blocking and did not see the vehicle because that is where the Defendants stopped him. Once Defendant Harkin honked, Plaintiff was forced to either back away from officers who had stopped him or continuing to block Defendant Harkins from entering the parking lot.

Defendants claim that they had reason to believe Plaintiff was a safety concern, however, they fail to point to any specific, articulable facts that Plaintiff was a risk to their safety. Plaintiff is under no obligation to prove to officers that he is not a risk, as Defendant Reyna claims without supporting authority. Plaintiff was "combative" and "demanded to see a judge," during the hearing for his citation, which is irrelevant and occurred after his constitutional rights had been violated. Further, Defendants admit Defendant Hathorn detained Plaintiff to "de-escalate the scene." This detainment is therefore not based on reasonable suspicion or probable cause that a crime was committed and therefore, violates the Fourth Amendment.

Defendants now claim, based on the foregoing, that they had reasonable suspicion to detain Mr. Norris. However, the facts elicited are either false or describe innocent conduct that could not give an officer reasonable suspicion to detain Plaintiff. *See Scott v. Harris,* 550 U.S. 372, 380 (2007).

Additionally, regarding the seizure of Plaintiff's phone, Defendants do not argue any legal basis for maintaining possession of Plaintiff's phone after determining the illegally parked vehicle was not his. This lack of any legal

justification shows that the seizure of Plaintiff's phone was unreasonable and, therefore, violated the Fourth Amendment.

### B. Failure to Intervene

"The duty of law enforcement officers to intervene to prevent an arrest not supported by probable cause was stated in precedent 'clear enough that every reasonable official would interpret it to establish' this rule. *Bunkley v. City of Detroit,* 902 F.3d 552, 566 (6th Cir. 2018). The Defendants here knew that Mr. Norris had not committed, was not committing, or about to commit a crime, and knew, after investigation, that the illegally parked vehicle did not belong to him. Any reasonable officer would have understood that probable cause did not exist to issue the citation and reasonable suspicion did not exist to conduct the *Terry* stop. Therefore, Defendants are "liable for the preventable harm caused by the actions of other officers where that officer *observes* or *has reason to know....* that *any constitutional violation has been committed* by a law enforcement official." *Id.* at 565-66.

### C. Retaliatory Arrest

As discussed above, Defendants lacked reasonable suspicion and probable cause that Plaintiff had committed a crime. Defendants' citation for Disorderly Conduct was not supported by probable cause. Stating that there is an illegally parked car, in a residential zone, near an active construction site, does not give probable cause or reasonable suspicion that is, "a particularized and objective basis suspecting the *particular* person... of criminal activity based on specific and

6

articulable facts." *Brown v. Lewis,* 779 F.3d 401, 412 (6th Cir. 2015). Defendants

Reyna and Settles had no particularized probable cause or reasonable suspicion that

Plaintiff was the owner of the vehicle, Defendant Reyna <u>merely stating</u> that it was

Plaintiff's vehicle as a seemingly pretextual reason to stop and search is not enough.

Reyna admitted that at the time he had no reason to believe the car belonged to

Plaintiff. Defendant Settles' and Reyna's comments regarding Plaintiff's recording

of the police station, and the lack of probable cause show that Plaintiff was detained

and issued a citation that motivated, at least in part, by a reaction to his protected

conduct. *See Kennedy v. City of Villa Hills*, 635 F.3d 210, 217 (6th Cir. 2011).

### D. *Monell* Liability

Actions taken by official with final decision-making authority can sustain

municipal liability. *Baynes v. Cleland,* 799 F.3d 600, 621 (6th Cir. 2015). Plaintiff

alleges both a failure to supervise and train and a policy based on the actions of the

final decision-making for the Romulus Police Department, Defendant Settles. Settles

was personally involved in the unconstitutional search, seizure, and detainment of

Mr. Norris, sufficient to sustain liability against Defendant Romulus.

### CONCLUSION

For the reasons stated herein, Plaintiff Norris respectfully requests this Court

Grant Plaintiff's Motion for Summary Judgment.

Respectfully Submitted,

EXCOLO LAW, PLLC

*/s/ Solomon M. Radner*
Solomon M. Radner (P73653)
*Attorney for Plaintiff*
26700 Lahser Road, Suite 401
Southfield, MI 48033
(866) 939-2656
sradner@excololaw.com

Dated: June 17, 2020

## CERTIFICATE OF SERVICE

Undersigned hereby states that on June 17, 2020, he caused the foregoing document to be filed electronically with the United States District Court and that a copy of said document was sent to all counsel of record through the Court's CM/ECF electronic filing system.

*/s/ Solomon M. Radner*